## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSICA DEPETRIS<br>2101 Woodview Road<br>Finksburg, MD 21082<br><br>              v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK)<br>1 Massachusetts Avenue, NW<br>Washington, D.C. 20002 | :<br>:<br>:<br>:    CIVIL ACTION NO.<br>:<br>:<br>:<br>:    JURY TRIAL DEMANDED<br>:<br>: |

### **COMPLAINT**

1. The Plaintiff, Jessica DePetris is a citizen of the State of Maryland, residing at 2101 Woodview Road in Finksburg Maryland.

2. The action arises under the Act of Congress, April 22, 1908, and amendments thereto, 45 U.S.C. Sec. 51 *et seq.*, known and cited as "the Federal Employers' Liability Act".

3. The amount in controversy exceeds $150,000.00

4. Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the District of Columbia with its principal place of business at 60 Massachusetts Avenue, Washington, D.C., and which regularly does business in the District of Columbia and throughout the United States of America.

5. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

6. At all-time material hereto, Defendant employed Plaintiff.

7. All the property, equipment and operations involved in the injury event herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

8. At the time and place herein mentioned, the acts of omission and commission causing the injuries to the plaintiff were done by the defendant, its agents, servants and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

9. For several years before 2019, Plaintiff was assigned to and worked in Defendant's Baltimore Station located at 1500 N. Charles St., Baltimore, Maryland in the basement level.

10. During her employment, Defendant had a duty to maintain the station and failed to maintain the station facilities and allowed it to deteriorate causing holes on the roofs and other unintended water entry points. Defendant further had a duty to station employees intended or designed for office locations. Instead, defendant stationed employees in locations not intended or designed as office locations exposing them to unnecessary dangers.

11. Defendant required Plaintiff work in a location with constant water and other leaks which created and/or led to humidity and various molds in the work area and adjoining areas. The water damage and humidity caused damage to paper files maintained on location and electronic equipment to fail as well as repeated mold spore in the air and on the walls, furniture, and paper files.

12. Defendant was notified of these developments and tested her work areas and other areas of the station. Despite several employees reporting respiratory

injuries/illnesses from the cleanup of the water damage and mold development, Defendant continued to order Plaintiff to work in the water damaged and mold damaged area.

13. On December 30, 2019, Plaintiff was diagnosed with chronic respiratory damage from the constant mold and allergen exposure at her workplace in Defendant's Baltimore Station and her doctors have opined that her respiratory illness was caused in whole or part by the water damage, humidity and mold development in her workplace.

14. As a direct result of the defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to her usual duties and occupations, all of which financial loss and all of which may and probably will continue in the future.

15. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

16. As a direct result of the defendants' negligence, through their agents' servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress, and a loss of enjoyment of life and may continue to suffer for an indefinite period of time in the future.

WHEREFORE, Plaintiff claims the Defendant a sum in excess of One Hundred and Fifty Thousand dollars ($150,000.00).

**GOGGIN & DUCKWORTH, P.C.**

By:    */s/ James M. Duckworth*
JAMES M. DUCKWORTH, ESQUIRE
D.C. Bar Id. #1045076
jduckworth@goggin-duckworth.com
Goggin & Duckworth, P.C.
1420 Walnut Street, Suite 1108
Philadelphia, PA 19102
(215) 735-8780
(215) 735-5126

4